E. STEINECKE, Respondent, v. F. UETZ, Appellant.

St. Louis Court of Appeals, October 27, 1885.

1. CHATTEL MORTGAGE—DESCRIPTION.—A chattel mortgage which specifically describes certain property, and adds " and all unfinished woodwork in said premises," does not cover a quantity of rough lumber on the premises.

2. MORTGAGES—REPLEVIN—SALES—TITLE.—The levy of a writ of replevin in an action brought by the mortgagee, upon property not covered by the mortgage, and a sale of the property to the officer who made the levy, without the mortgageor's consent, will not prevent the mortgageor from recovering the value of the property not included in the mortgage from one who purchased it from the officer.

3. ——— FRAUD.—Strictures upon the transaction as disclosed by the record.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Affirmed.*

LOUIS GOTTSCHALK ,for the appellant.

MUENCH & CLINE, for the respondent.

Rombauer, J., delivered the opinion of the court.

The question presented for our consideration in this case is, whether the plaintiff is estopped either by the record or by matter *in pais*, from asserting his claim to a part of the property in controversy. It is virtually conceded that to a part of the property in controversy the defendant has no title whatever, but that the same has been fraudulently taken from the possession of the plaintiff.

That part of the property in controversy, concerning which the estoppel is claimed, consists of one lot of wagon-maker's lumber, containing about eight thousand feet. The plaintiff, who is a wagon maker, made his mortgage to one J. B. Brolaski, to secure the payment of one hundred and forty dollars, conveying in such mortgage "the personal property as described below, and contained in shop southeast corner Carr and Collins street, in the city of St. Louis, Missouri, to-wit: four anvils, one boring machine, one cutting machine, five pairs bellows, six vises, sixteen wagon sprays. All the tools, iron, finished and unfinished wood work in said premises, the sheds and buildings, and one unfinished platform wagon."

Upon forfeiture of the mortgage, Brolaski caused the property to be seized on replevin, describing it in his statement filed with the justice, in exact conformity with the above description, and stating its value at two hundred dollars. The justice thereupon issued a writ to the constable, one J. F. Ryan, also describing the property as above, and Ryan made return thereon, stating that he took "the within described property from the defendant and delivered it to" the plaintiff.

Brolaski, according to his own testimony, afterwards sold the property to Constable Ryan for one hundred and seventy-seven dollars, and the latter immediately thereafter sold and delivered the property described in the mortgage and writ, together with a lot of other property pretended to be seized under the writ, for

six hundred and seven dollars, to the defendant in the present action.

Ryan made a bill of sale to the defendant in which, among other property, he pretends to convey "all the wood, lumber, and all the property contained in said sheds and buildings, and the surrounding premises not herein specifically mentioned, and all the goods, household stuff, implements, and furniture, and all other goods and chattels whatsoever, including office furniture."

It is evident from the foregoing statement, that the plaintiff can not be estopped by the record from claiming the eight thousand feet of lumber as his property, although the lumber was on the premises when he made his mortgage. Neither the specific description in the mortgage, nor Brolaski's statement before the justice, nor the constable's seizure, as evidenced by his return, includes that property, nor are there any apt general terms in either to include it.

Nor is it apparent how the plaintiff can be estopped by matter *in pais*, from claiming it, as it is not shown that he was present at either of the sales, or that he was ever advised, or had even reason to suspect that other of his property, besides the property conveyed by him as security for the debt, would be attempted to be sold.

These propositions are indeed elementary, and the judgment of the trial court for the plaintiff, under the facts indisputably shown, was a mere conclusion of law, and, being correct as such, must be affirmed.

We would stop here but for the fact that the record discloses dealings which call for the severest condemnation of those charged with the administration of justice. A party holding a mortgage which, by its terms, covers certain property and no other, attempts, by virtue thereof, to seize property to which he has no title whatever. He admits upon the trial that the value of the property covered by the mortgage was five hundred dollars, even conceding that the property in controversy was not included, yet he swears before the justice that

its value is only two hundred dollars.    As the limit of the justice's jurisdiction in such cases is two hundred and fifty dollars, and as his jurisdiction depends on the actual value of the property, and not on the value as sworn to before him, the mortgagee virtually concedes that the justice never had any jurisdiction in the premises.    *Butler v. Ivie*, 30 Mo. 479.

As soon as the mortgagee obtains possession of the property, he proceeds to foreclose the mortgage, and upon the foreclosure sale the constable becomes the purchaser.    The constable subsequently sells and delivers to the present defendant, not only the property mortgaged and replevied, but a large lot of other property of the mortgageor.

The mortgagee and constable are not parties to the record before this court, and there may be circumstances surrounding the transaction, which, if disclosed, would extenuate the apparent offence of their conduct.    Yet, we are free to say that, be his motives ever so fair, an officer charged with the execution of civil process, should carefully avoid acquiring title as an individual in any proceeding wherein the validity and extent of his title is in a measure dependent upon the interpretation put upon his official acts by himself.

In no view of the case can the defendant, Uetz, be considered as an innocent purchaser without notice.    The appeal, therefore, is wholly without merit, and it is a matter of regret that the nature of the judgment in the case is one which prevents this court from inflicting upon the appellant the just penalty of its affirmance, with damages.

All the judges concurring, the judgment is affirmed.