TRIMBLE, MAGILL & COMPANY, Respondent, v. KEET & ROUNDTREE MERCANTILE COMPANY et al., Appellants.

St. Louis Court of Appeals, February 4, 1896.

1. **Chattel Mortgages:** SUFFICIENCY OF DESCRIPTION OF PROPERTY. The property conveyed by a chattel mortgage is sufficiently described when it can be identified by a third person by the aid of the mortgage and of such inquiries as the instrument itself suggests.

2. **Sales:** SUFFICIENCY OF DELIVERY AS TO SUBSEQUENT MORTGAGEE. On the sale of piling, which was lying along a railroad track, the purchaser branded it with the letter "T," and then left it where it was without putting it in charge of anyone. Subsequently, the seller mortgaged it. *Held*, that there had not been a sufficient change of possession as to the mortgagee.

*Appeal from the Webster Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND REMANDED *(with directions)*.

*W. D. Tatlow* and *G. M. Sebree* for appellants.

*F. M. Mansfield* and *L. F. Parker* for respondents.

BIGGS, J.—This is an action to recover the possession of one hundred and forty-one pieces of piling. The property was taken from the defendants, and delivered to the plaintiff. The suit was instituted in the circuit court of Wright county, and was taken by change of venue to the circuit court of Webster county, where it was tried. The trial resulted in a judgment

for the plaintiff. The defendants on this appeal insist that the judgment is unsupported by the evidence; that the circuit court committed error in refusing to direct the jury to return a verdict for them, and that the instruction given by the court on its own motion improperly declared the law, and is inconsistent with the other instructions.

This is the second appeal in this case (56 Mo. App. 683). Both parties claim title to the piling under Kirk and Liggett. The latter were merchants in the town of Norwood in Wright county, and, in addition to their mercantile business, they were buying and selling piling, posts, and lumber. On the first trial the plaintiff claimed that Kirk had bought the piling as its agent; that in the latter part of July, 1890, Mr. Trimble, a member of the plaintiff firm, went to Norwood and paid Kirk for it; that subsequently, but prior to the institution of this suit, to wit, August 5, 1890, Mr. Good, another member of the firm, went to Norwood and branded each piece of piling with the letter "T," and that he left the property on the side of the railroad track in charge of no one. The defendants claimed title under a chattel mortgage executed by Kirk and Liggett on the twenty-sixth day of June, 1890, in which the property was described as "all posts (about 7000), piling, and lumber, belonging to us (Kirk and Liggett), and lying near the railroad track in the town of Norwood." It did not appear at that trial whether the chattel mortgage had been recorded or not, but the evidence tended to show that the defendants took immediate possession of the piling and put it in charge of an agent, and posted up a notice on the piling to that effect. We reversed the judgment, which was for the plaintiff, because there was no evidence that Kirk had bought the piling as its agent. On the last trial the plaintiff amended its

evidence in some material respects. Mr. Trimble testified that, after examining certain entries in the plaintiff's books, he was satisfied that he bought and paid Kirk and Liggett for the pilings on the nineteenth day of June, 1890, instead of the latter part of July, and Good testified that he branded them within a week thereafter, which would be prior to the defendants' mortgage. The only additional facts shown by the defendants were that their mortgage was recorded the day after it was given, and that, at the time it was given, there were no brands or marks on the piling. It was conceded that, at the time of the institution of the suit, the defendants were in the actual possession of the property.

The instruction which the court gave, and of which the defendants complain, is as follows: "If you believe from the evidence that plaintiff had bought and paid for the property in controversy before the execution of the trust deed read in evidence, then the plaintiff is entitled to recover in this action, unless you further believe from the evidence that defendants were in possession of the property in controversy under the trust deed read in evidence." This instruction ignores the plaintiff's evidence as to the branding of the piling, and the court was evidently of the opinion that it was insufficient to establish such a change of possession as the statute contemplates. In fact, the court so instructed at the instance of the defendants. The fact that the defendants' mortgage was recorded is also ignored in the instruction, and was evidently considered by the court as of no consequence. Hence the theory of the instruction is that, as the alleged sale was good without delivery, as between the plaintiff and Kirk and Liggett, the defendants' subsequently acquired title under the mortgage could only prevail, provided they took actual possession of the

property thereunder. To justify this instruction the description of the property in the mortgage must be insufficient, for under the statute the recording of the mortgage takes the place of an actual delivery, provided the description of the property therein meets the requirements of the law. The rule on that subject in this state is that the property must be so described that a third person may, by the aid of the mortgage, together with the aid of such inquiries as the instrument itself suggests, indentify the property. *Stonebraker v. Ford*, 81 Mo. 532; *Steinecke v. Uetz*, 19 Mo. App. 145, *Chandler v. West*, 37 Mo. App. 631; *Jennings v. Sparkman*, 39 Mo. App. 663; *Hughes v. Menefee*, 29 Mo. App. 192. The description here is, "all posts (about 7000), piling and lumber, belonging to us (Kirk and Liggett), and lying near the railroad track in the town of Norwood," which we think was sufficient, with the aid of inquiries suggested by the instrument, to enable anyone to identify the property. This makes the instruction radically defective, and necessitates a reversal of the judgment. But aside from this it was conceded, and the return of the officer so shows, that the defendants were in the actual possession of the property at the time the suit was brought, and all of the evidence tends to show, and there is not a scintilla to the contrary, that they took and held possession under their mortgage. Therefore, under the instruction as given, the verdict should have been set aside as opposed to the evidence. It is clear that the judgment can not stand, and there is no necessity for remanding the cause for another trial on the merits, unless the mere branding of the piling by Good (if he did so brand it), was sufficient to pass the title as against subsequent purchasers.

In *Stewart v. Nelson*, 79 Mo. 524, the interpleader claimed to have purchased a lot of railroad ties from

the defendants. The evidence tended to show that after the sale he put a red dot on each of the ties, and left them in possession of one of the defendants. The supreme court held that there was no delivery. The case of *Thomas v. Ramsey*, 47 Mo. App. 84, presents precisely the same state of facts, and the court likewise held that there was no delivery. In the case of *Chase v. Ralston*, 30 Pa. St. 539, the delivery of logs was involved. The possession was delivered *in the presence of witnesses*, and the logs were marked by stamping the vendee's brand on each log. The delivery was there held to be sufficient. It was said by the court through Judge PORTER, who delivered the opinion: "If possible, the delivery must be actual; if the nature and bulk of the article preclude this, then it must be constructive, a better term, I think, than symbolical, borrowed from the ancient ceremony of feudal investiture. *In every case, every species of divestiture which can give the world notice, should be resorted to.*" Mr. Bump says that "the vendee must assume the control and do all that an honest man would reasonably be expected to do to advertise the public of the sale." Bump on Fraudulent Conveyances [3 Ed.], pp. 164–166. Under these authorities we think that the sale to plaintiff must be held to be fraudulent as to the defendants. The only possible distinction between this case and those cited from this state is that there the property was left in the possession of the vendees. So far as the public was concerned and advised, the property here was left in the possession of Kirk and Liggett. Good says that he only branded the pieces of piling and left them by the side of the railroad track, where Kirk and Liggett had previously placed them. He did not attempt to give notice of the sale, and put no one in charge of the property.

The lowest value placed upon the piling by plain-

tiff's witnesses, or any of the witnesses, was $200. Counsel for defendants in their briefs, and also on the argument, have expressed a willingness to accept a judgment for that amount in lieu of a return of the property. The judgment will, therefore, be reversed, and the cause remanded with directions to the circuit court to enter a judgment against the plaintiff and the sureties on the replevin bond for the sum of $200 and costs of suit. All the judges concur.