At the adjourned hearing of the order to show cause for the settlement of the accounts of the receiver in foreclosure and for directing a distribution of the money in his hands, the only controverted question was whether the lien of the mortgage embraced personal property of the mortgagor in the *Page 352 
nature of choses in action. If so, the respective liens of the attachment and the judgment on the special fund in the hands of the receiver — that fund now representing certain choses in action which were due to the corporation prior to the receiver's appointment — were, admittedly, subordinate to the lien of the mortgage.
The material part of the description of the property contained in the mortgage here in question is as follows:
"All the real estate, easements, buildings, structures, machinery, pipes, mains, conduits, retorts, holders, engines, boilers, stations, hydrants, valves, tools and implements and all other property, real and personal and mixed, of whatsoever kind and description and wheresoever situate now owned or possessed by the Cape May Illuminating Company [mortgagor] or which may hereafter be acquired by it."
That description is clearly typical and demands the application of the well-recognized rule of construction of ejusdem generis, since there is nowhere to be found evidence of an intent other than that clearly defined by that rule of construction.
An accurate and succinct statement of that rule is contained in21 Am. Eng. Encycl. L. (2d ed. — at p. 1012), under the title "Other," as follows: "Ejusdem generis. Where general words follow particular ones, the rule is to construe the former as applicable to persons or things ejusdem generis. This rule, which is sometimes called Lord Tenterden's rule, has been stated as to the word `other,' thus: Where a statute or other document enumerates several classes of persons or things, and immediately following and classed with such enumeration the clause embraces `other' persons or things, the word `other' will generally be read as `other such like,' so that persons or things therein comprised may be read as ejusdem generis with, and not of quality superior to or different from, those specifically enumerated. The question, however, as in all cases of interpretation of written instruments, is one of intention only." A somewhat industrious examination of the cases there cited as not calling for the application of the rule of ejusdem generis
fails to disclose any authority *Page 353 
even suggesting the possibility of withdrawing from the operation of the rule language of the nature contained in the mortgage here in question. In this state the rule will be found exemplified inBarracliff v. Griscom, 1 N.J. Law 191; Stryker v. Skellman,14 N.J. Law 189; Livermore v. Chosen Freeholders,29 N.J. Law 245, 248; affirmed, 31 N.J. Law 507, 512; State v. Gedicke,43 N.J. Law 86, 89; Doyle v. Bayonne, 54 N.J. Law 313; Erwin v.Jersey City, 60 N.J. Law 141, 147; Baker v. Baker, 82 N.J. Eq. 150; Syms v. West Hoboken, 90 N.J. Law 130.
I am unable to regard Buvinger v. Evening Union PrintingCo., 72 N.J. Eq. 321, or Girard Trust Co. v. Standard GasCo., 93 N.J. Eq. 307, as controlling in the present case. Both of the cases cited are based upon the fact that the intention of the parties to include in the lien of the mortgage all of the assets of the mortgagor then existing or thereafter to be acquired in the progress of its business was clearly manifest. That is everywhere recognized as the ultimate inquiry in all cases of this class. In the Girard Trust Company Case the mortgage enumerated all "claims and demands of every nature and kind whatsoever, as well at law as in equity, now held, owned, possessed, enjoyed or claimed by the company and which it may hereafter acquire, and any and every part thereof." In theBuvinger Case the description was "all personal property of any kind or character now belonging," c., and that comprehensive and all-embracing description was not related to the preceding detailed enumeration of chattels by the word "other;" and other circumstances of that case indicated an intent to embrace all the assets of the mortgagor.
The receiver will be directed to pay to the mortgagee the balance shown by his accounts, after deducting costs and receiver's allowances. The money in the special account of the receiver, representing choses in action due to the corporation prior to the receiver's appointment, must be regarded as assets of the corporation not subject to the lien of the mortgage, and must be hereafter disposed of as rights of the corporation and its attaching and judgment creditors may be finally ascertained. *Page 354