[File No. 6250.]

A. A. GAUSTAD, Respondent, v. OSCAR J. NYGAARD, Sheriff of Stutsman County, North Dakota, Appellant.

(256 N. W. 230.)

Opinion filed August 23, 1934. Rehearing denied September 11, 1934.

*J. C. Adamson,* for appellant.

*Knauf & Knauf,* for respondent.

BURKE, J. This is an action against the sheriff of Stutsman county for the conversion of one cash register of the value of $150.00 and one adding machine of the value of $75.00. The sheriff answered by gen-

eral denial and alleged, as a further defense, that the said property was and is now included in a chattel mortgage duly filed for record in the office of the register of deeds of Stutsman county, North Dakota; that in an action in the district court for the foreclosure of the said chattel mortgage the defendant, by virtue of a warrant of seizure, seized such property. The case was tried to a jury and a verdict was returned for the plaintiff for the sum of $225.00. A motion for a new trial was denied and from the order denying the motion for a new trial and the judgment entered upon the verdict the defendant appeals.

Appellant's defense rests upon the allegations of his answer, that he seized the property under a writ of seizure in a foreclosure action; that the property in question was covered by the mortgage and the mortgage being on file for record was constructive notice to the plaintiff. The mortgage was introduced in evidence as plaintiff's exhibit 1. It is executed by one A. J. Myhro to the Independent Oil Company and the mortgaged property is described as follows: "2–25,000 gals. storage tanks; One gaso pump and pumphouse, said tanks, pump & pumphouse being situated on Northern Pacific Railway Co. right of way . . . One Graham one ¼ ton truck. Engine Number 128,764. All other equipment, including curb pumps, underground tanks, owned or hereafter acquired by mortgagor, and used in connection with his oil business at the above place, also all stock on hand or hereafter acquired, such as oils, greases & gasoline & other stock carried from time to time."

This case comes clearly under the doctrine of ejusdem generis.

In the recent case of Camden Safe Deposit & T. Co. v. Cape May Illuminating Co. 102 N. J. Eq. 351, 140 Atl. 672, the description in the mortgage was as follows: " 'All the real estate, easements, buildings, structures, machinery, pipes, mains, conduits, retorts, holders, engines, boilers, stations, hydrants, valves, tools and implements and all other property, real and personal and mixed, of whatsoever kind and description and wheresoever situate now owned or possessed by the Cape May Illuminating Company (Mortgagor) or which may hereafter be acquired by it.' " In construing this description the court said: "That description is clearly typical and demands the application of the well-recognized rule of construction of ejusdem generis, since there is nowhere to be found evidence of an intent other than that clearly defined by that rule of construction.

"An accurate and succinct statement of that rule is contained in 21 Am. & Eng. Enc. Law, 2d ed. at page 1012, under the title 'Other,' as follows: 'Ejusdem Generis. Where general words follow particular ones, the rule is to construe the former as applicable to persons or things ejusdem generis. The rule, which is sometimes called Lord Tenterden's Rule, has been stated as to the word "other," thus: Where a statute or other document enumerates several classes of persons or things, immediately following and classed with such enumeration the clause embraces "other" persons or things, the word "other" will generally be read as "other such like," so that persons or things therein comprised may be read as ejusdem generis with, and not of quality superior to or different from, those specifically enumerated.' "

19 C. J. 1255 states the rule as follows: "Ejusdem generis. Literally 'Of the same kind or species.' A well-known maxim of construction, to aid in ascertaining the meaning of a statute or other written instrument, the doctrine being that, where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase is to be held to refer to things of the same kind." Under this rule as stated there are many decisions cited.

Section 77, Jones on Chattel Mortgages, page 146 reads as follows: "Ejusdem generis rule.—General words used in connection with a special enumeration of particular articles ordinarily refer to articles of the same general nature as those specifically named. Thus, where one made a mortgage of 1,800 bushels of salt, and his entire fishing material, consisting of seine boats and fish stands at Long Branch, and afterwards executed another mortgage conveying all the fishing materials at Long Branch, consisting of seine boats, fish stands, 'barrels, 1,600 bushels of salt and kegs, subject to prior liens,' . . . the words 'entire fishing material' (in the first mortgage) did not include the barrels and kegs mentioned in the second; and that the words 'subject to prior liens,' in the second mortgage, did not add to the scope of the previous grant, and include in it anything not included by its own terms." Dixon v. Coke, 77 N. C. 205; Smith v. McCullough, 104 U. S. 25, 26 L. ed. 637; Steinecke v. Uetz, 19 Mo. App. 145; Conner v. Littlefield, 79 Tex. 76, 15 S. W. 217.

A roller-top desk in the office of an elevator is not covered by chattel mortgage on the elevator, chutes, bins, machinery, or other ap-

purtenances thereto belonging. Dixson v. Ladd, 32 S. D. 163, 142 N. W. 259, 46 L.R.A.(N.S.) 206, Ann. Cas. 1916A, 253.

A chattel mortgage on the fixtures, furniture, and appliances used in and about the carrying on of a first-class retail grocery store, does not cover the horses, harness, and wagon used by the mortgagor for delivering goods sold to customers. Van Patten v. Leonard, 55 Iowa, 520, 8 N. W. 334.

The mortgage in the instant case first described the storage tanks, gas pumps and pumphouse, described their location, described the truck and then says "all other equipment, including curb pumps, underground tanks, owned or hereafter acquired by mortgagor, and used in connection with his oil business at the above place, also all stock on hand or hereafter acquired, such as oils, greases & gasoline & other stock carried from time to time." The other equipment is specifically described and it is clear that the mortgage does not cover anything except the property·described in the mortgage and property of the same kind and of the same general nature as that specifically named. The cash register and the adding machine are not of the same kind or nature and as they are not covered in the mortgage it follows that the judgment must be affirmed.

BURR, Ch. J., and NUESSLE, MOELLRING and CHRISTIANSON, JJ., concur.