Harley D. REED, Plaintiff and
Appellant,

v.

EDGELEY PUBLIC SCHOOL DISTRICT,
NO. 3, a public corporation, Defendant
and Appellee.

Civ. No. 10009.

Supreme Court of North Dakota.

Dec. 28, 1981.

Chapman & Chapman, Bismarck, for plaintiff and appellant; argued by Daniel J. Chapman, Bismarck.

Pope & Stites, Jamestown, for defendant and appellee; argued by Georgia M. Pope, Jamestown.

ERICKSTAD, Chief Justice.

Harley D. Reed appeals from a judgment entered by the District Court of LaMoure County in favor of Edgeley Public School District No. 3. The trial court's judgment affirmed a decision by the Edgeley School Board to nonrenew Reed's teaching contract. The trial court found that the actions of the school board were in compliance with Section 15-47-38 of the North Dakota Century Code. We affirm the trial court's judgment.

At the time of the trial court's review in February, 1981, Reed had been employed 13 years with the Edgeley School District. During that time he taught physics, chemistry, physical science, biology, geometry, advanced algebra, general mathematics, and senior high school mathematics. At the time he received his letter of contemplated nonrenewal, Reed was teaching in the area of science and mathematics.

The Edgeley School District, with declining enrollments and anticipating financial difficulties, sent letters of contemplated nonrenewal to five teachers. Three of those letters were sent to teachers in the area of science and mathematics. Reed received one of the letters. The other two letters in the science and mathematics areas were sent to Mrs. Aberle and Mr. Tofte.

Each of the three teachers in the mathematics and science areas was accorded a hearing. The three hearings were scheduled for March 27, 1980. Two of the hearings, Mr. Tofte's and Mrs. Aberle's, were carried to their conclusion on that day with the board voting to discontinue the nonrenewal proceedings with respect to those two teachers. Reed's hearing, however, was not held on March 27. Instead, Reed requested and was granted a continuance. Reed's hearing was rescheduled and took place on March 31, 1980. Upon completion of the hearing, the board voted to nonrenew Reed's contract by a vote of three to two.

Following the board's decision to nonrenew his contract, Reed commenced an action in the District Court of LaMoure County seeking a writ of mandamus requiring the school district to employ him and for damages in the amount of $125,000. The district court ruled in favor of the Edgeley School District and dismissed Reed's cause of action.

On appeal to this court, Reed alleges that the Edgeley School District violated the statutory protections of Section 15–47–38, N.D.C.C. Reed does not dispute that the Edgeley School District enrollment was declining or that the district was suffering financial difficulties. He argues instead that when financial conditions require staff reduction, the board is required by Section 15–47–38, N.D.C.C., to articulate a rational basis for selecting one teacher over another. He argues that if such a rational basis is not articulated, that the nonrenewal essentially becomes one for cause and that the reasons for nonrenewal must then be given to the teacher.

The foundation of Reed's argument is found at subsections (1) and (5) of Section 15–47–38, N.D.C.C. Subsection (1) provides in relevant part that all actions of the board are to be taken "with consideration and dignity, giving the maximum consideration to basic fairness and decency." Additionally, subsection (5) establishes the procedure which a school board must follow in nonrenewing a contract. That subsection requires that the teacher shall be informed in writing of the reasons for nonrenewal and provides that the "reasons shall be sufficient to justify the contemplated action of the board and shall not be frivolous or arbitrary but shall be related to the ability, competence, or qualifications of the teacher as a teacher, or the necessities of the district such as lack of funds calling for a reduction in the teaching staff." Section 15–47–38(5), N.D.C.C.

The Edgeley School District contends that the procedures mandated by the statute as interpreted by this court in *Rolland v. Grand Forks Public School District No. 1*, 279 N.W.2d 889 (N.D.1979), were followed.

Reed raises the following issues:

1. Is a school board required to articulate the reason for selecting for nonrenewal one teacher over another?

2. Does Reed have a right to know what transpired at Aberle's and Tofte's hearings?

3. Did the board violate the statutory requirement of conducting hearings with maximum consideration for basic fairness and decency by voting to discontinue the nonrenewal proceedings of Aberle and Tofte before Reed's hearing?

4. Did the trial court err by not allowing Reed to inquire into the school board president's personal feelings with regard to Reed?

5. Were the findings of the trial court "clearly erroneous"?

We will discuss each issue separately. However, we think it important to note at the outset that it is not the proceedings before the trial court that we are reviewing and primarily concerned with but, rather, it is the proceedings before the school board that are crucial.

## I. *Failure to articulate reasons.*

■ The stated reason for reducing the staff in this case was to alleviate financial stress caused by declining enrollment in the Edgeley Public School District. Reed concedes that these conditions existed. His argument is, however, that the school board should be required to articulate its reasons for selecting one teacher over another when the stated reason for reduction in staff is financial difficulty. He argues that the language of subsection (1) of Section 15–47–38, N.D.C.C., requiring the board to give "maximum consideration to basic fairness and decency" requires such an articulation. We do not believe the statute requires such an articulation.

In *Rolland v. Grand Forks Public School District No. 1*, 279 N.W.2d 889, 893 (N.D. 1979), we said that subsections (1) and (5) of Section 15–47–38, N.D.C.C., merely require the board to "vote to nonrenew the contract for reasons stated in the notice of contemplated nonrenewal, thus in effect confirm-

ing the action by which it decided to send the notice of the contemplated nonrenewal of the contract."

In this case, Reed does not dispute that the reasons stated in his letter of contemplated nonrenewal were proper reasons for nonrenewal. Further, he does not dispute that the board "confirmed" those reasons by voting to nonrenew at his hearing. Therefore, the procedural requirements of Section 15–47–38, N.D.C.C., as interpreted in *Rolland* were met.

The statute does not explicitly require the board to articulate its reasons for selecting one teacher over another for nonrenewal; nor do we believe such is implicitly required by the statute. In *Dobervich v. Central Cass Public School District No. 17*, 302 N.W.2d 745, 751–52 (N.D.1981), we warned agaisnt excessive involvement by the courts in the administration of the school system. We said:

"[E]xcept for procedural matters, the trial court's review of the reasons given for nonrenewal of the teacher's contract and the evidence submitted at the hearing pertaining thereto is limited to: (1) determining whether or not the reasons given are in accordance with the statutory provisions, *i.e.*, they are not frivolous or arbitrary but, rather, are related to the ability, competence, or qualifications of the teacher as a teacher, or the necessities of the district such as lack of funds calling for a reduction in teaching staff; and (2) determining—if those reasons are legally sufficient—whether or not under the facts of the case the school board has abused its discretion in reaching the nonrenewal decision. Such a review will, in our estimation, permit the teacher his day in court and, at the same time, will not unduly involve the courts in the administration of the school system." [Footnotes omitted.]

■ A school board abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner. *Id.* at 752, footnote 7; *Fercho v. Montpelier Public School District No. 14*, 312 N.W.2d 337 (N.D.1981).

■ The facts of this case do not disclose that the board acted in an arbitrary, unreasonable, or unconscionable manner. The board in its letter of contemplated nonrenewal said that it contemplated nonrenewing Reed's teaching contract because of the financial need to reduce staff. There is no dispute that the Edgeley School District lacked funds and needed to reduce its teaching staff.

To deal with the financial difficulties, the school board sent letters of contemplated nonrenewal to three teachers in the science and mathematics areas. Those teachers were Mrs. Aberle, Mr. Tofte, and Mr. Reed. Hearings were scheduled for all three teachers for the evening of March 27, 1980. Hearings for Mrs. Aberle and Mr. Tofte were held on that date. Reed, however, requested and was granted a continuance. His hearing was therefore held on March 31, 1980. On the evening of March 27, the board voted to discontinue the nonrenewal proceedings for Mrs. Aberle and Mr. Tofte. At Reed's hearing, the board voted to nonrenew his contract.

After fully reviewing the record, we conclude that the school board did not act arbitrarily, unreasonably, or unconscionably. All three of the teachers are similarly qualified. Each holds a master's degree. Both Tofte and Reed are qualified to teach mathematics and science and Mrs. Aberle is qualified to teach mathematics, elementary education, English, and remedial reading. Mrs. Aberle is not qualified to teach science. Mrs. Aberle had 22 years of teaching experience, 17 of which were in the Edgeley School District. She advised cheerleaders and was also qualified in administration. Both Mr. Reed and Mr. Tofte were hired by Edgeley School District in the same year. Tofte did, however, take a year's leave of absence to do graduate study.

II. *Rights as to what is said in another teacher's hearing.*

■ Reed contends that the board did not act with "maximum consideration to basic fairness and decency" because it denied him access to information regarding

the hearings of Mrs. Aberle and Mr. Tofte. He asserts that "basic fairness and decency" requires, at a minimum, that each teacher be told what was said or discussed at the previous hearings. In fact, Reed suggests that the board should have held a joint meeting with the three teachers to explain the criteria which the board was going to use in making its decision to nonrenew.

We do not believe such a meeting is required by the statute. Section 15–47–38, subsection (5), N.D.C.C., requires the school board to hold an "executive session" for the purpose of confirming the reasons for contemplated nonrenewal of the contract. An executive session is required unless both the school board and the teacher agree that the hearing shall be open to other persons or the public. In *Rolland v. Grand Forks Public School District No. 1*, 279 N.W.2d 889, 892 (N.D.1979), we held that the specific language of subsection (5) controls over the more general language of subsection (1). As in *Rolland*, subsection (5) must prevail over subsection (1) in this case.

### III. *Action taken prior to Reed's hearing.*

Reed contends that the board did not give maximum consideration to fairness and decency by acting to "retain the other two teachers before it had even heard a word from Reed." Reed argues that a decision had been made to reduce the staff in the mathematics and science areas by one teacher. Because the nonrenewal proceedings for Mrs. Aberle and Mr. Tofte were discontinued three days before Mr. Reed's nonrenewal hearing was held, Reed argues that he was given the burden of persuading the board to change its plans of nonrenewing at least one person in the mathematics and science areas. That burden, he argues, deprived him of considerations of basic fairness and decency provided by the North Dakota Century Code.

A complete reading of the transcript does not support Reed's contention. The president of the Edgeley School Board, Maurus Heim, testified that although Mrs. Aberle and Mr. Tofte had assurances that their contracts would not be nonrenewed, the board did have an option to reopen the hearings on both Mrs. Aberle and Mr. Tofte. It is not our function to determine the correctness factually or legally of that statement. However, it was a matter that the trial court could consider.

### IV. *Error to refuse inquiry as to motive.*

Reed contends that the trial court erred in sustaining the school district's objection to the following question regarding the school board president's personal feelings toward Mr. Reed:

"Q. As a personal matter, Mr. Heim, you wanted to get rid of Mr. Reed; didn't you?"

Reed argues that the true reason for the nonrenewal of his contract was the personal antagonism of the chairman of the board toward him.

As we discussed earlier, we said in *Rolland v. Grand Forks Public School District No. 1*, 279 N.W.2d 889, 893 (N.D.1979), that subsections (1) and (5), of Section 15–47–38, N.D.C.C., merely require the board to "vote to nonrenew the contract for reasons stated in the notice of contemplated nonrenewal, thus in effect confirming the action by which it decided to send the notice of the contemplated nonrenewal of the contract." The board's stated reason for nonrenewing Reed's contract was "declining enrollment and diminishing funds resulting in need for staff reduction." The school board made no allegations concerning his teaching ability. Our decision in *Rolland* requires only that the reasons for nonrenewal be sufficient to justify the contemplated action. That there may be other additional reasons for nonrenewal is immaterial.

The trial court ruled that Reed's inquiry into the personal feelings of the school board president toward Mr. Reed was not relevant. Recently, in *Fercho v. Montpelier Public School District No. 14*, 312 N.W.2d 337 (N.D.1981), we held that the Montpelier School District did not act arbitrarily in nonrenewing the teacher's contract at issue in that case. In *Fercho*, testimony concerning the board's desire to "get rid of Fercho"

was received by the trial court. We held that the board's action was not arbitrary in spite of the testimony supporting Fercho's contention that some of the board members ·wanted to see her removed because they thought she was not a good teacher. Similarly, a reading of the record in this case does not disclose that the board acted "arbitrarily, unreasonably, or unconscionably." We do not believe that testimony indicating that one member of the board desired to "get rid of Reed" would be grounds for concluding that the Edgeley School Board acted arbitrarily. Even if for discussion purposes we were to assume that the trial court erred in keeping out this evidence, Reed still must fail on this issue because it is incumbent upon the party contesting the ruling of the trial court to show that the error complained of was prejudicial. *Haider v. Finken,* 239 N.W.2d 508, 518 (N.D. 1976); *Gleson v. Thompson,* 154 N.W.2d 780, 788 (N.D.1967). In light of the law no such proof could be made here.

### V. *Findings clearly erroneous.*

■ The "clearly erroneous" rule as contained in Rule 52(a) of the North Dakota Rules of Civil Procedure reads in relevant part:

> "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

It has no application to this case. The trial court found that the board was not unreasonable in its decision to nonrenew Reed in that it did not act in an arbitrary or frivolous manner. As we indicated in *Dobervich,* the function of the trial court is extremely limited. We find that the two functions enunciated there were carried out. A review of the record of Reed's hearing before the board discloses that the chairman of the school board did admonish the board as follows:

> "THE CHAIRMAN: Okay. Also at this time I'm going to remind the Board that this is a serious matter, and I want you to give serious consideration to it, to the damage that could result to the pro-

fessional statute and reputation of the teacher, the time he's spent in training, the years of service he's given to this district, and those things should certainly be given your serious consideration."

Beyond that admonishment, Mr. Reed's attorney reminded the board members of their responsibilities. In fact, he reminded the board of the sensitive nature of nonrenewal proceedings by reading directly from the North Dakota Century Code. After reading to the board that portion of Section 15–47–38, N.D.C.C., regarding the need for school boards to give serious consideration to the damage that can result to the professional stature and reputation of teachers by nonrenewal, Reed's attorney said: "But that sort of frames the state of mind that you should all be in at this point."

The trial court found:

> "That prior to the vote to nonrenew the Plaintiff, the chairman of the school board advised the board members to exercise their very best judgment as provided for by the statute applicable and that the board did give serious consideration to the professional stature and reputation of the Plaintiff and to the time he spent in training and years of service to the district as well as other factors contained in Section 15–47–38 of the North Dakota Century Code."

The record before the school board supports that finding. Accordingly, the judgment of the trial court is affirmed.

SAND, VANDE WALLE and PEDERSON, JJ., and LARRY M. HATCH, District Judge, concur.

HATCH, District Judge, sitting in place of PAULSON, J., disqualified.