Robert McCALLUM and Basil Hansen, Petitioners and Appellants,

v.

The CITY COMMISSIONERS OF the CITY OF BISMARCK, Respondents and Appellees.

Civ. No. 11203.

Supreme Court of North Dakota.

Sept. 16, 1986.

Wefald Law Office, Bismarck, for petitioners and appellants; argued by Robert O. Wefald.

Fleck, Mather, Strutz & Mayer, Bismarck, for respondents and appellees; argued by Jane Fleck Romanov.

LEVINE, Justice.

This is an appeal from an order of the district court denying the petitioners' request for a writ of mandamus to suspend a municipal sales tax ordinance and to require the respondent commissioners to submit the ordinance to a vote of the electors of the municipality. We reverse and remand.

On January 14, 1986, the voters of Bismarck approved a home rule charter authorizing the city commission "to impose a retail sales tax and use tax of no more than one percent ..." on gross receipts with certain express restrictions. The city commission subsequently enacted a sales tax ordinance pursuant to the home rule charter, effective March 8, 1986, with the sales tax scheduled to commence on April 1, 1986.

It is undisputed that within the time requirements of Section 40–12–08, N.D.C.C., a petition was filed to have the sales tax ordinance referred to the electors. When the city commission did not submit the ordinance for a vote, the petitioners requested the district court to issue a writ of mandamus requiring the immediate suspension and subsequent referral of the ordinance. The district court entered an order denying the request on the ground that the people had, in effect, voted upon the ordinance in authorizing a sales tax under the home rule charter and that the ordinance should not, therefore, be "re-referred." From that order the petitioners have filed this appeal.

A petition for a writ of mandamus will be granted only if the petitioner has a clear legal right to the performance of the particular act sought to be compelled by the writ. Section 32–34–01, N.D.C.C.; *Fargo*

*Educ. Ass'n v. Paulsen,* 239 N.W.2d 842 (N.D.1976). On appeal this court will not overturn a trial court's denial of a writ of mandamus unless the trial court has abused its discretion. *See Blomquist v. Clague,* 290 N.W.2d 235 (N.D.1980).

Section 40-12-08, N.D.C.C., provides that municipal ordinances may be referred to the electors of the municipality. When a referendum petition is filed, the municipality's governing body, pursuant to Section 40-12-09, N.D.C.C., must reconsider the protested ordinance and either repeal it or submit it to the vote of the electors.

█ Under Article 3, paragraph f of the home rule charter approved by the Bismarck voters, the right to refer any subsequently enacted sales tax ordinance is expressly recognized:

"*Article 3 — Powers of City*

*       *       *       *       *       *

"f. An ordinance imposing a city sales tax adopted pursuant to this article shall, no later than July 1 in the sixth year following the year in which the ordinance takes effect, be referred to a vote of the electorate on motion of the governing body unless the ordinance has previously been referred and approved by a majority vote by petition of qualified voters. If a majority of the qualified voters voting on the question vote to repeal the ordinance, it shall be repealed effective at midnight on March 31st of the following year. Thereafter, an ordinance adopted by the governing body imposing a sales tax shall not take effect unless first referred to a vote of the electorate and approved by a majority of the qualified voters voting on the question."

This provision unambiguously requires referral of a sales tax ordinance in the sixth year following its adoption unless the ordinance "has previously been referred ... by petition of qualified voters." The voters' approval of the home rule charter authorizing imposition of a retail sales and use tax of "up to one percent" did not constitute approval by the voters of the subsequently enacted ordinance imposing such a tax and delineating the specifics thereof; nor did it constitute the equivalent of a referral of the ordinance to the electors. In approving the home rule charter, the voters obviously recognized the distinction by providing for the referral of any subsequently adopted sales tax ordinance. Thus, the petitioners, upon filing a timely petition of referral, had a clear legal right to have the city commission reconsider the ordinance and either repeal it or submit it to the vote of the electors as provided under Section 40-12-09, N.D.C.C.

Before the trial court and again on appeal, the respondents have argued that the sales tax ordinance adopted by the city commission is an administrative, as opposed to a legislative, enactment which cannot be referred. Although we note that Section 40-12-08, N.D.C.C., does not distinguish between legislative and administrative ordinances for purposes of referral, we conclude that it is unnecessary to resolve this issue, because the home rule charter expressly provides that any sales tax ordinance adopted pursuant to the charter shall be subject to referral. Assuming for purposes of argument that the home rule charter, by authorizing referral of the sales tax ordinance, conflicts with Section 40-12-08, N.D.C.C., the peoples' will, as expressed through the charter, supersedes the state statute:

"Such charter and the ordinances made pursuant thereto in such matters shall supersede within the territorial limits and other jurisdiction of the city any law of the state in conflict therewith, and shall be liberally construed for such purposes." Section 40-05.1-05, N.D.C.C.

The case of *Litten v. City of Fargo,* 294 N.W.2d 628 (N.D.1980), involved a provision of a home rule charter for the city of Fargo which provided that, upon properly presented petitions, the city electors could vote to change the form of city government. This court held that without a properly adopted implementing ordinance the charter provision was not operative. In this case both the home rule charter and the subsequently enacted sales tax ordi-

nance expressly provide that the ordinance is subject to referral. Because state law, under Chapter 40–12, N.D.C.C., provides the necessary implementing mechanism, the absence of an implementing ordinance in this case, unlike the situation in *Litten, supra,* does not render inoperative the referral right provided under the home rule charter.

We conclude, therefore, that the trial court abused its discretion in failing to grant the requested writ of mandamus requiring the city commission to submit the ordinance to a vote of the people.

■ Regarding the referral of a sales tax ordinance, the home rule charter states that if a majority vote to repeal the ordinance "it shall be repealed effective at midnight on March 31st of the following year." The subsequently enacted ordinance provides identical language under Section 33. We believe that the charter provision, as implemented by the sales tax ordinance, effectively supersedes that part of Section 40–12–08, N.D.C.C., which suspends a protested ordinance upon the filing of the referral petition. Accordingly, we conclude that the ordinance was not suspended when the referral petition was filed but that it remains in effect unless repealed by majority vote, whereupon the repeal would be effective "at midnight on March 31st of the following year" as provided under the home rule charter.

In accordance with this opinion, this case is reversed and remanded with instructions that the district court issue a writ requiring the city commission either to reconsider and repeal the ordinance or to submit it for a vote of the electorate at a special municipal election on the same day as the general election in November 1986, if not sooner, after notice by publication is given in compliance with Sections 40–21–16, N.D.C.C., and 40–21–02, N.D.C.C.

ERICKSTAD, C.J., MESCHKE and VANDE WALLE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of GIERKE, J., disqualified.