Stephanie VAN KLOOTWYK,
Plaintiff and Appellee,

v.

Marlene ARMAN, Defendant
and Appellant.

Civ. No. 910112.

Supreme Court of North Dakota.

Nov. 19, 1991.

Randall J. Bakke of Fleck, Mather & Strutz, Bismarck, for defendant and appellant.

Patrick R. Morley of Morley & Morley, Grand Forks, for plaintiff and appellee.

LEVINE, Justice.

The primary issue in this appeal is whether an injured but unsecured driver of an unsecured motor vehicle owned by a third person may recover damages for economic loss from a negligent secured driver of a secured vehicle. The trial court said yes. Appellant says no. We affirm.

Stephanie Van Klootwyk was injured in a two-car accident while driving her father's unsecured vehicle. She sued Marlene Arman, the driver of the second vehicle, for negligence. The jury found Arman one hundred percent negligent and awarded Van Klootwyk $38,998.11 comprising past economic damages of $14,998.11, future economic damages of $4,000.00 and non-economic damages of $20,000.00.

Arman moved to amend the judgment by deducting the amount of past and future economic damages or, in the alternative, an amount approximating the value of the vehicle belonging to Van Klootwyk's father. The district court denied the motion, ruling that North Dakota no-fault law does not preclude Van Klootwyk's recovery and that the jury award, in part, was based upon Van Klootwyk's liability for damages to the owner of the vehicle as a driver-bailee. Arman appealed.

 Our standard of review of a trial court's denial of a motion to alter or amend a judgment is abuse of discretion. *State Bank of Towner, Inc. v. Rauh*, 288 N.W.2d 299 (N.D.1980). A trial court abuses its discretion when it misinterprets or misapplies the law. *Christianson v. City of Bismarck*, 476 N.W.2d 688 (N.D.1991). The interpretation of statutes is a question of law fully reviewable by this Court, *id.*, and our primary objective is to ascertain the intent of the legislature by looking at the language of the statute itself and giving it its plain, ordinary and commonly understood meaning. *Production Credit Ass'n of Minot v. Lund*, 389 N.W.2d 585 (N.D.1986); *Moser v. Wilhelm*, 300 N.W.2d 840 (N.D.1980). Consideration should be

given to the context of the statutes and the purposes for which they were enacted. *Moser*, 300 N.W.2d at 847.

■ Arman relies upon the exemption provided to secured persons by NDCC § 26.1–41–08. A secured person is the owner, operator or occupant of a secured motor vehicle. NDCC § 26.1–41–01(20). A secured motor vehicle is a vehicle which, at the time of the accident, is insured as required by chapter 26.1–41, the North Dakota Auto Accident Reparations Act. NDCC § 26.1–41–01(19).

Section 26.1–41–08 says:

"1. In any action against a secured person to recover damages because of accidental bodily injury arising out of the ownership or operation of a secured motor vehicle in this state, the secured person is exempt from liability to pay damages for:

a. Noneconomic loss unless the injury is a serious injury.

b. Economic loss to the extent of all basic no-fault benefits paid or to become payable for such injury under this chapter after subtracting the same elements of loss recoverable under any workers' compensation law.

"2. The exemption under subsection 1 does not apply unless the person who has sustained accidental bodily injury is a person who may qualify for basic no-fault benefits pursuant to section 26.1–

41–06 and who is not excluded under section 26.1–41–07."

Thus, under NDCC § 26.1–41–08(2), two requirements must be satisfied before a secured person can claim the secured-person exemption against an injured person who is not the owner of the unsecured vehicle: the injured person must be a person who may qualify for no-fault benefits under NDCC § 26.1–41–06 [1] and the injured person cannot be excluded from no-fault coverage under NDCC § 26.1–41–07. [2] In order for Arman, the secured person, to claim a secured-person exemption, Van Klootwyk, the injured non-owner, must satisfy both requirements of NDCC § 26.1–41–08(2). Because we conclude she does not qualify for benefits under NDCC § 26.1–41–06, we need not consider whether she is excluded from no-fault coverage under NDCC § 26.1–41–07.

■ NDCC § 26.1–41–06 requires that a basic no-fault insurer of a secured motor vehicle pay basic no-fault benefits for economic loss from accidental bodily injury. However, Van Klootwyk's vehicle was not insured for no-fault benefits at the time of the accident and therefore was not a secured motor vehicle. But Arman urges that Van Klootwyk nonetheless "may qualify" for no-fault benefits under NDCC § 26.1–41–06. Arman argues that the language of section 26.1–41–08(2), that Van Klootwyk be a person who "may qualify for basic no-fault benefits pursuant to section 26.1–41–06," means only that Van Klo-

1. NDCC § 26.1–41–06 says:
"Each basic no-fault insurer of a secured motor vehicle shall pay basic no-fault benefits without regard to fault for economic loss resulting from:
"1. Accidental bodily injury sustained in the United States or its possessions or in Canada by the owner of the motor vehicle or any relative of the owner:
a. While occupying any motor vehicle, or
b. While a pedestrian as the result of being struck by a motor vehicle or motorcycle.
"2. Accidental bodily injury sustained by any other person while occupying the secured motor vehicle if the accident occurs in the United States or its possessions or in Canada.
"3. Accidental bodily injury sustained by any pedestrian in this state as a result of being struck by the secured motor vehicle."

2. NDCC § 26.1–41–07 says:

"Basic or optional excess no-fault benefits are not payable to or on behalf of any person while:
"1. Occupying any motor vehicle without the expressed or implied consent of the owner or while not in lawful possession of the motor vehicle.
"2. Occupying a motor vehicle owned by such person which is not insured for the benefits required by this chapter unless uninsured solely because the insurance company of the owner has not filed a form pursuant to subsection 2 of section 26.1–41–05 to provide the basic no-fault benefits required by this chapter.
"3. During a racing or speed contest, or in practicing or preparing for a racing or speed contest.
"4. Intentionally causing or attempting to cause injury to oneself or another person."

otwyk be eligible for no-fault benefits upon purchasing the required no-fault insurance. Arman's argument is that because Van Klootwyk potentially could have qualified for no-fault benefits by purchasing the no-fault insurance, she is a person "who may qualify for basic no-fault benefits" and Arman is entitled to the secured-person exemption. We disagree.

The word "may" within the phrase "may qualify" contained in NDCC § 26.1–41–08(2) is an auxiliary verb susceptible to a wide range of meanings. It connotes mere possibility, or probability, or reasonable certainty depending upon the context in which it is used. *See Greyhound Corp. v. Excess Insurance Co. of America,* 233 F.2d 630 (5th Cir.1956).

■ The purpose of the "no-fault" law, among other objectives, is to provide adequate compensation for victims of motor vehicle accidents. *Moser,* 300 N.W.2d at 847.[3] To interpret the word "may" in the manner suggested by Arman would deny compensation to a victim of a motor vehicle accident and undercut the primary reason the legislature enacted the Auto Accident Reparations Act. It would also render illusory the protection under subsection (2) of section 26.1–41–08. On the other hand, construing the verb "may qualify" to mean "does qualify" is consonant with the ordinary meaning of the language, and the primary purpose of the no-fault law.

■ We have noted in a different context that a "secured person is exempt from liability to pay damages for economic loss to the extent that the injured person receives basic no-fault benefits." *Imperial Cas. & Indem. v. General Cas.,* 458 N.W.2d 335, 337 (N.D.1990). Actual eligibility, not potential eligibility, for benefits is the criterion. Here, we conclude that the secured-person exemption under NDCC § 26.1–41–08(2) only applies if the injured non-owner actually qualifies at the time of the accident for benefits under NDCC § 26.1–41–06. Van Klootwyk does not qualify for the benefits under NDCC § 26.1–41–06 because she does not have a claim which is payable by a no-fault insurer. Consequently, the secured-person exemption does not apply and Arman is not exempt from liability for damages for economic loss.

■ We note that Arman has argued that Van Klootwyk is an owner of the vehicle. However, the issue of vehicle ownership was not presented to the jury. Under Rule 49, NDRCivP, the trial court may decide an issue of fact that has not been submitted to the jury. The trial court, in denying Arman's motion to amend the judgment, found Van Klootwyk to be a "non-owner" of the vehicle. Based upon our review of the partial transcript provided by Arman, we conclude the trial court's finding is not clearly erroneous.

Arman next argues that if Van Klootwyk did not own the vehicle she was driving, then its value must be deducted from the jury award because title was not properly assigned by Van Klootwyk's father. The jury awarded by special verdict a lump sum to Van Klootwyk of $14,998.11 for past economic damages. The special verdict form did not segregate categories of past economic damages but Arman contends that some portion of that award must have

---

**3.** The Auto Accident Reparations Act passed in 1975 contained the following legislative declaration:

> "*Legislative declaration*—The legislative assembly declares that its purpose in enacting this chapter is to avoid inadequate compensation to victims of motor vehicle accidents, to require registrants of motor vehicles in this state to procure insurance covering legal liability arising out of ownership or operation of such motor vehicles and also providing benefits to persons occupying such motor vehicles and to persons injured in accidents involving such motor vehicles; to limit the right to

claim damages for noneconomic loss in certain cases; and to organize and maintain an assigned claims plan." NDCC § 26–41–02.

The declaration was subsequently repealed by the 1985 legislature. *See* S.L.1985, ch. 316 § 22. The repeal of the legislative declaration was nonsubstantive. S.B. 2078 Industry, Business and Labor Committee Minutes, Feb. 27, 1985. The reason for the repeal of the legislative declaration was because "[a] statement of purpose is unnecessary because the purpose is provided by the substantive provisions of the chapter." *Id.*

been for the value of the vehicle registered to Van Klootwyk's father.

However, there is nothing in the partial transcript Arman provided or in the record which shows that Arman objected to the special jury verdict form and its failure to itemize or separate the damages for the vehicle registered to Van Klootwyk's father from other past economic damages. Absent such an identification, we cannot determine whether the jury even awarded damages for the vehicle loss. When no objection is made to a special verdict form, any objection to a jury's finding upon the special verdict is waived. *Hoerr v. Northfield Foundry and Mach. Co.*, 376 N.W.2d 323 (N.D.1985). We therefore conclude that Arman failed to preserve this issue for appeal.

For the reasons stated above, we conclude that the district court did not abuse its discretion in denying the motion to alter the judgment. Accordingly, we affirm.

ERICKSTAD, C.J., and GIERKE and MESCHKE, JJ., concur.

VANDE WALLE, Justice, concurring specially.

There is merit to Arman's contention that the phrase "may qualify for no-fault benefits pursuant to section 26.1–41–06," as used in NDCC § 26.1–41–08(2), does not refer to a person who was in a vehicle insured for no-fault benefits but rather refers to a person who meets the other criteria for benefits contained in section 26.1–41–06, *i.e.*, a relative of the owner of a non-insured vehicle who sustained accidental bodily injury while occupying any motor vehicle or while a pedestrian as the result of being struck by a motor vehicle or motorcycle. Nevertheless I concur in the result reached by the majority, for if Arman's construction reflects the intent of the Legislature, the exclusions as set forth in NDCC § 26.1–41–07 are not consistent with that construction. Thus, section 26.1–41–06 includes the owner of the secured motor vehicle or any relative of the owner, but section 26.1–41–07(2) excludes from the exemption a person who is occupying a motor vehicle "owned by such person which is not insured for the benefits required by this chapter...." No such exclusion is found for the relative of the owner who is included in coverage by section 26.1–41–06.

Because relatives and other persons occupying a non-secured vehicle are not excluded under section 26.1–41–07(2), it appears to me that the Legislature intended to permit recovery under the basic no-fault insurance of the negligent secured driver by relatives and other persons, other than those occupying the vehicle without the consent of the unsecured owner, and to deny recovery only to the unsecured owner. This is a logical public policy determination in that the unsecured owner should have obtained his or her own insurance. That is not the case with the non-owner operator of the unsecured vehicle. If the Legislature intended that the exemption of section 26.1–41–08 apply whether or not the vehicle was actually secured, so long as the other qualifying conditions were met, it presumably would have included relatives as well as the nonsecured owner within the exception in NDCC § 26.1–41–07(2) denying benefits when the occupied vehicle is unsecured.