[Civ. No. 17929.  Second Dist., Div. One.  July 6, 1950.]

ALTHEA V. MITCHELL, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

William C. Ring for Petitioner.

THE COURT.—Petitioner has pending in the superior court an action for the partition of real property.  Trial was had for two days.

While plaintiff was married to defendant, the property was acquired as community property.  In 1931 petitioner was granted a divorce from defendant in the State of Texas.  Texas, of course, could not adjudicate title to California real property.  Defendant as minister of a church uses the property, which is improved with a church building, without paying anything to petitioner.

Petitioner contends that the court should have partitioned the property, either in kind, or by sale and division of the proceeds.  The court made a minute order, finding that at the time the property was acquired petitioner's equity in it was $500.  Apparently no judgment has yet been rendered.

While petitioner presents a convincing argument, we think her remedy is by appeal.  The rules respecting high prerogative writs have been recently reviewed and restated in *Phelan* v. *Superior Court,* 35 Cal.2d 363 [217 P.2d 951].  There it is said: ''Where . . . there is a right to an immediate review by appeal, that remedy is almost as speedy as a writ proceeding, under present practice, and should be considered adequate unless petitioner can show some special reason why

it is rendered inadequate by the particular circumstances of his case."

The most petitioner shows in this regard is that an appeal will take time and cost money. This is insufficient.

For the reasons given in *Phelan* v. *Superior Court, supra,* and in *Robinson* v. *Superior Court,* 35 Cal.2d 379 [218 P.2d 10], the petition is denied.

Petitioner's application for a hearing by the Supreme Court was denied August 31, 1950.