[Civ. No. 18904. Second Dist., Div. Three. May 20, 1952.]

E. B. LOHR, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Reynolds, Painter & Cherniss for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

Guthrie, Darling & Shattuck for Real Party in Interest.

WOOD (Parker), J.—Petition for writ of mandate directing the superior court to discharge a writ of attachment. That court denied defendant's motion to discharge the writ of attachment.

On October 11, 1951, Clyde Victor Voss filed an action in the superior court against E. B. Lohr, Lohr, Inc., a corporation, and Angelo Mion. In the first cause of action therein, it was alleged as follows: About February 1, 1950, plaintiff and defendants E. B. Lohr and Mion entered into an oral agreement which provided: that plaintiff and defendant Mion agreed to transfer their business, known as Benson Tile, to a corporation to be known as Lohr, Inc., in consideration of the transfer by defendant E. B. Lohr of his business, known as E. B. Lohr Marble and Tile, to the corporation; the three said persons would give their exclusive time to the affairs of Lohr, Inc.; upon receiving a permit from the corporation commissioner, each of the three persons would purchase an equal number of shares in the corporation; pending the organization of the corporation and securing a permit for issuance of shares, the said three persons would transfer to the corporation the assets of their businesses and would advance to the corporation funds as required upon a share and share alike basis; defendant Lohr would act as president of the corporation and would have control of all contracts, income and expenditures of the business; plaintiff and Mion would work on jobs transferred to the corporation, and would be paid the regular pay scale for their work; each of said three persons would have an equal interest in the business, an equal voice in its management, and an equal share in its profits. Defendant Mion, who did not desire to be a party

plaintiff, is named a defendant because he is a necessary party, but plaintiff seeks no judgment against him. Pursuant to said agreement plaintiff and Mion transferred their said assets to Lohr, Inc., and, upon request of E. B. Lohr, they paid the sum of $3,400 to the corporation, and they gave their full time to the affairs of the corporation. On February 7, 1950, pursuant to the agreement, the said three persons incorporated Lohr, Inc., under the laws of California. The board of directors of said corporation, which was elected at the only meeting of the incorporators, consisted of plaintiff, Mion, E. B. Lohr, and E. B. Lohr, Jr. On March 29, 1950, the corporation commissioner issued a permit for the sale of shares to said three persons and E. B. Lohr, Jr. Since the issuance of the permit defendant E. B. Lohr, as president and manager of the corporation, has refused to issue any of said shares to plaintiff or Mion or to himself (E. B. Lohr), and said defendant E. B. Lohr refuses to recognize the rights of plaintiff or Mion in or to any of the profits of the corporation or in or to any contracts entered into after February 1, 1950, and refuses to disclose to plaintiff whether such profits or contracts were made in the name of the corporation or defendant E. B. Lohr or otherwise. Plaintiff has requested defendant E. B. Lohr, as president of the corporation, to call a meeting of the directors for the purpose of securing a report as to the financial condition of the corporation, but said Lohr has declined to call such a meeting. Defendants E. B. Lohr and Lohr, Inc., have received funds belonging equally to plaintiff, Mion, and E. B. Lohr in the net amount of $25,500, one-third of which is due to plaintiff. Defendants E. B. Lohr and Lohr, Inc., have refused to pay any part of said $8,500 to plaintiff.

In the second cause of action therein, it was alleged that defendants E. B. Lohr and Lohr, Inc., became indebted to plaintiff on account of moneys received by said defendants belonging to plaintiff in the sum of $8,500 and that no part of said sum has been paid.

In the third cause of action therein, it was alleged that plaintiff repeats all the allegations of the first cause of action, except the allegation that defendants E. B. Lohr and Lohr, Inc., had received funds belonging to said three persons in the sum of $25,500, one-third of which was due to plaintiff; that defendant E. B. Lohr has never rendered any statement of account to plaintiff; since February 1, 1950, defendant E. B. Lohr has collected, under his name and other names,

234

sums of money the amounts of which plaintiff does not know and cannot ascertain, but plaintiff is entitled to receive one-third of said sums; said defendant E. B. Lohr has refused to render any accounting to plaintiff. Plaintiff prayed for judgment for $8,500 against defendants E. B. Lohr and Lohr, Inc., and that defendants E. B. Lohr and Lohr, Inc., be required to account to plaintiff for all funds received and expended in the name of Lohr, Inc., E. B. Lohr, or any other name used by E. B. Lohr in conducting business subsequent to February 1, 1950.

Upon the filing of said complaint and upon application of said plaintiff Voss, a writ of attachment was issued in said action. Three bank accounts, standing in the name of defendant E. B. Lohr (petitioner herein), were attached. The affidavit of plaintiff Voss, in support of his application for writ of attachment, stated that "defendants E. B. Lohr and Lohr, Inc. herein are indebted to me in the sum of $8,500.00 . . . upon an oral contract, for the direct payment of money, to-wit: For a joint venture the profits of which were to be divided equally between 3 parties, one of whom was the plaintiff. . . ." Defendant E. B. Lohr filed a notice of motion to discharge the attachment, and in support of said motion he filed his affidavit in which he stated that he is not indebted to plaintiff Voss at all, and that Voss and defendant Mion are indebted to him in a sum in excess of $12,000. Thereafter, plaintiff Voss amended his affidavit for attachment so that as amended it stated that defendants E. B. Lohr and Lohr, Inc., are indebted to him in the sum of $8,500 "upon an oral contract, for the direct payment of money, to-wit: Contract for money due. . . ." As above stated, the motion to discharge the attachment was denied.

█ The order denying said motion was appealable. (Code Civ. Proc., § 963, subd. 2.) █ Petitioner herein has alleged that he has no plain, speedy or adequate remedy by appeal. "The burden, of course, is on the petitioner to show that he did not have such a remedy." (*Phelan* v. *Superior Court*, 35 Cal.2d 363, 366 [217 P.2d 951].) █ A general allegation that petitioner has no plain, speedy or (and) adequate remedy, "without reference to any facts," is not sufficient to sustain the petitioner's "burden of showing that the remedy of appeal would be inadequate." (See *Phelan* v. *Superior Court, supra,* p. 370.) No fact with respect to the inadequacy of the remedy by appeal was recited in petitioner's affidavit. There was no showing by petitioner's affidavit or

other part of the record that any particular fact or circumstance in the case rendered inadequate the remedy by appeal. In *Phelan* v. *Superior Court, supra,* it was said at page 370 that the remedy by appeal "should be considered adequate unless petitioner can show some special reason why it is rendered inadequate by the particular circumstances of his case." ▉ In his supplemental points and authorities, petitioner herein states in effect that the remedy of appeal is not as convenient or effective as mandamus because (1) the cost of preparation of the record on appeal and the cost of preparation of briefs are costs which are not involved in the mandamus proceeding, and (2) the time required for an appeal is substantially longer than the time required in mandamus. In *Mitchell* v. *Superior Court,* 98 Cal.App.2d 304 [219 P.2d 861], which was a proceeding in mandamus and prohibition, it was said at page 305: "The most petitioner shows in this regard is that an appeal will take time and cost money. This is insufficient."

▉ Petitioner asserts that mandamus is the proper remedy to secure the dissolution of a writ of attachment improperly issued where the trial court has improperly denied a motion for discharge, and he cites *Weaver* v. *Superior Court,* 93 Cal. App.2d 729 [209 P.2d 830, 210 P.2d 246], wherein that statement is made (p. 732). The opinion in that case does not refer to the question as to the adequacy of the remedy by appeal, but the case of *McCall* v. *Superior Court,* 1 Cal.2d 527 [36 P.2d 642, 95 A.L.R. 1019], is cited therein in support of said statement to the effect that mandamus is the proper remedy. In the McCall case the trial court had not ruled upon the matter of dissolving the attachment, but judgment upon the merits of the case had been rendered and an appeal from that judgment was pending when the mandamus proceeding was commenced in the District Court of Appeal. Since there was no order of the trial court in the McCall case (regarding the attachment) from which an appeal could be taken, and since the trial court had lost jurisdiction by reason of the appeal, it appears that under the special circumstances therein an application for dissolution of attachment would be made necessarily in the appellate court. The McCall case is authority for the rule that in proper cases mandamus is a remedy to secure the dissolution of an attachment. A proper case for such a remedy is one in which there is a sufficient showing that under special circumstances then existing the remedy by appeal is not adequate. " 'Mandamus may not be

resorted to as a substitute for an adequate legal remedy by appeal or otherwise.' " (*Lincoln* v. *Superior Court,* 22 Cal.2d 304, 311 [139 P.2d 13].) In the present case, as above stated, the motion to discharge the attachment was denied after a hearing upon the motion.

Petitioner also asserts that if the remedy by appeal precludes the issuance of a writ of mandate, the rule should not be applied against him. He argues that since it has been held in certain cases, including the Weaver and McCall cases, that mandamus is a proper remedy it would work an injustice against him to decide in this case that an appeal was an adequate remedy. He cites the cases of *Phelan* v. *Superior Court,* 35 Cal.2d 363 [217 P.2d 951], and *Robinson* v. *Superior Court,* 35 Cal.2d 379 [218 P.2d 10], wherein there are statements to the effect that in view of the uncertainty which has existed in the law with respect to the *appealability* of certain orders, it would be a hardship upon a litigant who has been misled by such uncertainty in the law if the court were to resolve the uncertainty and in the same proceeding deny his petition for a writ of mandate on the ground that the petitioner had an adequate remedy by appeal. In the Phelan case the question pertained to the appealability of an order reducing the amount of a judgment. In the Robinson case the question pertained to the appealability of an order denying a motion to confirm an award of the labor commissioner. With respect to the present case, it is to be noted that no uncertainty has existed as to the appealability of such an order as that involved herein—an order refusing to dissolve an attachment. The provision of section 963 of the Code of Civil Procedure that an appeal may be taken from an order refusing to dissolve an attachment has been in said code section for many years.

The alternative writ of mandate is discharged, and the petition for a peremptory writ of mandate is denied.

Shinn, P. J., and Vallée, J., concurred.