CITY OF FARGO, Petitioner,

v.

The Honorable Georgia DAWSON, Judge of the County Court, Cass County, East Central Judicial District and Lester Schultz, Respondents.

CITY OF FARGO, Petitioner,

v.

The Honorable Georgia DAWSON, Judge of the County Court, Cass County, East Central Judicial District and Dennis Herr, Respondents.

CITY OF FARGO, Petitioner,

v.

The Honorable Frank L. RACEK, Judge of the County Court, Cass County, East Central Judicial District and Rande Reinhardt, Respondents.

Cr. Nos. 900303, 900304 and 900311.

Supreme Court of North Dakota.

Feb. 21, 1991.

Thomas J. Gaughan (argued), City Atty., Fargo, for petitioner.

William Kirschner (argued), Fargo, for respondent Lester Schultz.

C. Charles Chinquist (argued), Fargo, for respondent Dennis Herr.

LEVINE, Justice.

In three consolidated cases, the City of Fargo requests this court to issue a supervisory writ directing the Honorable Georgia Dawson and the Honorable Frank L. Racek, judges of the County Court of Cass County, East Central Judicial District, to reverse their orders holding that consent of the City to a defendant's waiver of a jury trial is unnecessary in all cases transferred from municipal court to county court pursuant to NDCC § 40–18–15.1. We grant the supervisory writ.

■ This controversy arises from three prosecutions which were originally commenced in Fargo Municipal Court. The three defendants did not waive in writing their rights to jury trials, and the cases were transferred to county court by operation of NDCC § 40–18–15.1. Under § 40–18–15.1, a municipal court prosecution

is automatically transferred to county court for trial if the defendant does not waive in writing the right to a jury trial within 28 days after arraignment.

In county court, the defendants moved to waive their jury trials and requested bench trials. The City objected to the motions. The county court ruled that the defendants could waive their rights to a jury trial over the objection of the city prosecutor. Judge Dawson reasoned:

"The Court has considered the issue of waiver of jury trial cases from the City of Fargo and has concluded that the City has no independent right to a jury trial under the statutes or the rules. The Defendant's right arises through no affirmative action of his own, therefore:

"In those cases where the Defendant moves to waive his right to trial by jury, the motion will be granted over the objection of the City and is hereby granted in those cases set forth above."

The City petitioned this court requesting that we exercise our supervisory jurisdiction and reverse the orders of the judges of the county court.

■ Our authority to issue a supervisory writ is derived from Article VI, § 2 of the North Dakota Constitution. *Odden v. O'Keefe*, 450 N.W.2d 707, 708 (N.D.1990). The exercise of our supervisory jurisdiction is discretionary, rare and done only to rectify errors or prevent injustice when no adequate alternative remedies exist. *Minot*

*Daily News v. Holum*, 380 N.W.2d 347, 349 (N.D.1986). In this case, we invoke our supervisory jurisdiction because the City has no adequate alternative remedy. *See* NDCC § 29–28–07; *Minot Daily News v. Holum, supra.*

Respondents [1] assert that a prosecutor has no right to object to a defendant's waiver of a jury trial in county court. We disagree.

"Except as otherwise provided by statute and in Rule 54," the Rules of Criminal Procedure "govern the practice and procedure in all criminal proceedings in the district courts and, so far as applicable, in all other courts, including prosecutions for violations of municipal ordinances." NDRCrimP 1. *See also* NDRCrimP 54(a). NDRCrimP 23(a) provides:

"*(a) Trial by Jury.* Trial shall be by jury in all cases as provided by law unless the defendant waives a jury trial in writing or in open court with the approval of the court and consent of the prosecuting attorney."

*See also* NDCC § 29–16–02.[2]

■ Generally, there is no constitutional impediment to a court or prosecuting attorney withholding approval or consent to a defendant's attempted waiver of a jury trial because a "defendant does not have a constitutional right to waive a jury trial and insist upon a trial before the court." *State v. Kranz*, 353 N.W.2d 748, 751 n. 2 (N.D.1984).[3] Respondents recognize that

1. By "respondents," we refer to municipal and county court defendants Dennis Herr and Lester Schultz, the only ones to file a response on the merits with this court opposing the supervisory writ. Judge Dawson and Judge Racek did not appear.

2. NDCC § 29–16–02 provides:
"*29-16-02. Issues of fact tried by jury—When trial by jury may be waived.*—In any case, whether a misdemeanor or felony, a trial jury may be waived by the consent of the defendant and the state's attorney expressed in open court and entered on the minutes of the court. Otherwise, the issues of fact must be tried by the jury."

3. In *Singer v. United States*, 380 U.S. 24, 37–38, 85 S.Ct. 783, 791, 13 L.Ed.2d 630 (1965), the United States Supreme Court, construing FedRCrimP 23(a) from which our rule was adopted, hinted that governmental consent is not an inflexible condition precedent to a trial before a judge alone:

"We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial. Petitioner argues that there might arise situations where 'passion, prejudice * * * public feeling' or some other factor may render impossible or unlikely an impartial trial by jury. However, since petitioner gave no reason for wanting to forgo jury trial other than to save time, this is not such a case, and petitioner does not claim that it is." [Footnote omitted.]

The defendants in these criminal cases do not assert any "compelling" reasons for wanting a bench trial.

in the past, we have strongly indicated that consent of the prosecutor under Rule 23(a) is one of the requirements for a valid waiver of a jury trial in county court. *See State v. Bohn,* 406 N.W.2d 677, 680 (N.D. 1987); *State v. Mathisen,* 356 N.W.2d 129, 134 (N.D.1984); *State v. Kranz, supra,* 353 N.W.2d at 750. Respondents assert, however, that those decisions did not directly address the issue in view of NDCC §§ 27–07.1–31 and 27–07.1–32, which provide:

> "*27–07.1–31. Defendants in criminal actions entitled to jury trial— When to be informed thereof—Waiver.* Except as otherwise provided by law, a defendant in a criminal action in a county court shall be entitled to a trial by jury, and when the defendant is arraigned he shall be informed by the court of this right. If the defendant waives the right to a jury trial, an entry to that effect shall be made on the court minutes."

> "*27–07.1–32. Defendant in criminal action waiving jury trial may be tried by court.* If a defendant in a criminal action in a county court waives a trial by jury, the defendant may be tried by the court without a jury. The court shall give prior notice of the trial to the state's attorney of the county."

Respondents assert that because these statutes apply specifically to proceedings in county courts and do not expressly give the prosecutor any right to object to a waiver of jury trial, the procedure for waiver in county courts is "otherwise provided by statute" [NDRCrimP 1], and Rule 23(a) is therefore inapplicable. We disagree.

The respondents' argument is premised on the rule of statutory construction that when an irreconcilable conflict exists between a general provision and a special provision, the special provision ordinarily prevails. *See* NDCC § 1–02–07. However, we do not believe that there is an irreconcilable conflict between these statutes and Rule 23(a).

In *State v. Pandolfo,* 98 N.W.2d 161, 165 (N.D.1959), this court said:

> "The waiver of a right is its intentional relinquishment and does not ordinarily imply the acquisition of a substitute or reciprocal right and in the absence of a statute indicating that such a further right is acquired the effect of a waiver is relinquishment and not substitution. *A constitutional or statutory provision giving a defendant the privilege of waiving trial by ju[r]y does not imply that by such waiver he becomes entitled as a matter of right to another mode of trial.*" [Emphasis added.]

Thus, although §§ 27–07.1–31 and 27–07.-1–32 allow a defendant to waive the right to a jury trial in county court, they do not imply that a defendant is entitled as a matter of right to a bench trial. Because these statutes do not give the defendant an absolute right to a bench trial, there is no irreconcilable conflict with the Rule 23(a) requirement of a prosecutor's consent to waiver of jury trial. Therefore, Rule 23(a) applies to these county court proceedings.[4]

---

**4.** Even if there were a conflict between Rule 23(a) and §§ 27–07.1–31 and 27–07.1–32, resolution of the issue would require consideration of the 1976 amendments to the Judicial Article of the North Dakota Constitution. Article VI, Section 3 provides in part that "[t]he supreme court shall have authority to promulgate rules of procedure, including appellate procedure, to be followed by all the courts of this state; ..." This constitutional provision places "final authority over procedural rules" with our court. *Matter of Estate of Bieber,* 256 N.W.2d 879, 881 n. 1 (N.D.1977). Although statutorily-enacted rules of procedure which supplement the rules we have promulgated may remain in effect until superseded or amended by this court [*State v. Vetsch,* 368 N.W.2d 547, 552 (N.D.1985); *Gegelman v. Reiersgaard,* 273 N.W.2d 703, 706 (N.D. 1979) ], Article VI, Section 3, mandates that a court-promulgated procedural rule prevails in a conflict with a legislatively-enacted rule of procedure. *See Farm Credit Bank of St. Paul v. Huether,* 454 N.W.2d 710, 713 (N.D.1990); *In Interest of D.J.H.,* 401 N.W.2d 694, 699 n. 5 (N.D.1987); *Production Credit Ass'n of Mandan v. Olson,* 280 N.W.2d 920, 927 (N.D.1979); *Arneson v. Olson,* 270 N.W.2d 125, 131–132 (N.D. 1978); *but compare State v. Hunt,* 293 N.W.2d 419, 424 (N.D.1980).

We also note that the Rules of Criminal Procedure, including Rule 1 in its present form, became effective on November 1, 1973, prior to the constitutional amendments. NDRCrimP 59(a). At that time, the statutory scheme governing the authority of this court and the legislature to enact rules of procedure for use in civil and criminal actions allowed a procedural statute enacted by the legislature to prevail over

We have considered the other arguments raised by the respondents and they do not affect our decision.

We conclude that NDRCrimP 23(a), requiring a prosecutor's consent to waiver of a jury trial, is applicable to county court cases which have been transferred from municipal court pursuant to § 40–18–15.1. Accordingly, the supervisory writ is granted.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE, GIERKE and MESCHKE, JJ., concur.

a procedural rule promulgated by this court if the legislative rule was the most recently enacted. *See* NDCC §§ 27–02–08 and 27–02–09. We suggest that the Joint Procedure Committee consider for recommendation to this court an amendment to the "[e]xcept as otherwise provided by statute" language contained in Rule 1 which reflects the change brought about by the 1976 constitutional revision.