Percy FIBELSTAD, Petitioner,

v.

The Honorable Gerald G. GLASER, Judge of the North Dakota District Court, South Central Judicial District; Grant County, a political subdivision of the State of North Dakota; and AgriBank, formerly the Farm Credit Bank of St. Paul, a body corporate, Respondents.

Civ. No. 930011.

Supreme Court of North Dakota.

March 11, 1993.

James J. Coles of Wheeler Wolf, Bismarck, for petitioner.

Sean O. Smith of Tschider & Smith, Bismarck, for respondent AgriBank, FCB.

Charles S. Miller, Jr. of Fleck, Mather & Strutz, Bismarck, for respondent Grant County.

VANDE WALLE, Chief Justice.

■ Percy Fibelstad contends that a district court is not complying with our instructions on remand in *Fibelstad v. Grant County,* 474 N.W.2d 54 (N.D.1991). Fibelstad petitioned this Court to invoke our supervisory power and issue a writ of mandamus compelling the district court to comply. Writ denied.

This case began as a writ of mandamus action by Fibelstad to compel Grant County to assign tax sale certificates to him as a result of his paying delinquent taxes on certain land owned by Laura and Thomas Asbridge.[1] The mortgagee of the land, Farm Credit Bank [FCB], intervened. At the district court level, Fibelstad's claim was countered by two affirmative defenses proffered by FCB. First, FCB alleged a factual affirmative defense contending that Fibelstad was an agent of Asbridge and therefore a redemptioner rather than a tax purchaser. As a redemptioner, he would have no interest in the land after a successful foreclosure and subsequent issuance of a sheriff's deed to FCB. Second, FCB alleged a legal affirmative defense contending that even if Fibelstad was a tax purchaser, the tax sale conducted by Grant County was invalid for lack of notice. If it was invalid, and if Fibelstad was a tax purchaser, Fibelstad would have no interest in the land because the tax sales in which he allegedly purchased the tax certificates were void and without effect. FCB moved for summary judgment denying the petition for a writ of mandamus on the legal defense; and the district court, assuming for the purposes of the legal defense that Fibelstad was a tax purchaser and not a redemptioner, granted FCB's motion, holding that the tax sale was invalid.

---

1. For a complete picture of the facts prior to this appeal, *see Fibelstad v. Grant County,* 474 N.W.2d 54 (N.D. (1991).

Fibelstad appealed the judgment denying his petition for a writ of mandamus.

On appeal, we upheld the invalidity of the tax sale. *Fibelstad, supra.* As did the district court, we assumed that Fibelstad was a tax purchaser for purposes of the summary judgment motion. Nowhere in the opinion did we explicitly conclude that Fibelstad was a tax purchaser. Pursuant to section 57–45–10, NDCC, we also held that for FCB to continue its pursuit of the land title, it must deposit all delinquent and unpaid taxes to the clerk of the Grant County Court.[2]

After the *Fibelstad* opinion was issued, FCB submitted a motion to the district court requesting permission to deposit funds as required by our opinion and section 57–45–10, NDCC. The court granted the motion on October 11, 1991, requiring $45,664.62 to be deposited.

Fibelstad thereafter sought to amend his pleadings by alleging a number of issues, but focusing on the allegation that when he paid the taxes for the Grant County land, he was acting as a tax purchaser and not as a redemptioner. In its memorandum opinion, the district court noted that it was most unusual that Fibelstad then sought to amend his pleadings, especially since the case had already been to this Court. The district court wrote, "Nevertheless, the judgment [of the Supreme Court] was partial and, as noted in an earlier opinion, left open for decision is the question of whether Mr. Fibelstad was acting on his own or was acting as an agent for Mr. Asbridge. That is the only issue that remains." The district court denied Fibelstad's motion to amend on October 31, 1991.

On November 4, 1991, the district court entered a judgment on remand in accor-

dance with the *Fibelstad* opinion which contained a Rule 54(b), NDRCivP, order. This judgment is now final and non-appealable.

The question arose as to whether Fibelstad was entitled to a refund of the taxes he paid on the Grant County lands, and the district court endeavored to determine whether Fibelstad was, when paying the taxes on the Grant County land, a tax purchaser or a redemptioner.

Fibelstad moved for summary judgment, arguing that the district court had already determined that he was a purchaser at the tax sale, as opposed to a redemptioner, and that in *Fibelstad,* the Supreme Court also determined that he was a purchaser rather than a redemptioner. The district court denied the motion on May 7, 1992.

On January 14, 1993, Fibelstad petitioned this Court for a writ of mandamus, requesting we employ our supervisory powers and order the district court to "properly carry out this court's decision" in *Fibelstad* by reaffirming his role as a tax purchaser and ordering Grant County to refund the tax money he paid on the Grant County land.

Fibelstad notes that when FCB formally intervened in Fibelstad's original action against Grant County, FCB set forth two affirmative defenses—first, a factual defense alleging Fibelstad's status as a redemptioner rather than a tax purchaser, and second, a legal defense alleging the invalidity of the tax sale. Fibelstad now argues that when FCB subsequently moved for summary judgment based upon the legal defense that the tax sale was invalid, it chose to forego its factual defense that Fibelstad was only a redemption-

---

**2.** Section 57–45–10, NDCC, deals with instances in which a tax purchaser has purchased tax certificates from a county, but when the tax sale is found invalid, the tax purchaser is entitled to a refund of the amount of taxes he or she paid. This section reads:

"Whenever any action is brought to test the validity of any deed issued and delivered by the county to the purchaser of lands acquired through tax deed proceedings, the court shall not proceed with the trial of such action until the party assailing the validity of such deed,

within the time required by the court, shall deposit with the clerk thereof for the benefit of the county should the deed be held invalid, the amount of all delinquent and unpaid taxes on said property, including penalty and interest, plus any taxes paid thereon by the purchaser from the county. Should said action be determined adversely to the purchaser from the county it shall repay to him any moneys received by the county on said purchase."

er. Fibelstad contends that although the FCB motion for summary judgment arguably attempted to preserve its factual defense, the judgment in which the district court granted the summary judgment motion was not entitled a "partial summary judgment;" it disposed of all issues in the case and if FCB wished to preserve its right to its factual defense, it should have moved for certification under Rule 54(b), NDRCivP.

Both the district court and this Court assumed Fibelstad to be a tax purchaser, and we further assumed the judgment to be complete, i.e., not needing certification under Rule 54(b), NDRCivP. Indeed, if we had not believed the judgment to be complete, we would have dismissed the appeal for lack of an order under Rule 54(b), NDRCivP. *See, e.g., Gissel v. Kenmare Township*, 463 N.W.2d 668 (N.D.1990). Rather, we assumed that Fibelstad was indeed a tax purchaser and we ordered FCB to comply with section 57–45–10, NDCC, which deals with refunds made to tax purchasers by counties where tax sales have been found to be invalid. If we had not assumed him to be a tax purchaser, we would not have ordered FCB to deposit all delinquent and unpaid taxes to the county under a statute which was promulgated to afford tax purchasers a refund of the money they have paid under invalid tax sales. Thus, if we do not grant the writ, the district court will proceed to try the factual issues. An appeal will most probably follow, and the result will be a piecemeal adjudication of the case contrary to the purposes of Rule 54(b), NDRCivP.

Our impulse is to conclude that the district court's summary judgment was final and appealable because Fibelstad's capacity as a redemptioner or tax purchaser had been waived or otherwise determined in order for an appealable judgment to be before this Court in *Fibelstad* absent certification under Rule 54(b), NDRCivP. FCB would therefore be precluded from raising the same issues regarding Fibelstad's status under principles of res judicata, law of the case, and issue preclusion.

Nevertheless, FCB argues that in filing its motion for summary judgment, its position was that the status of Fibelstad was irrelevant. The crux of the case was whether Fibelstad had any interest in the Grant County lands. If he was a redemptioner, he had no interest. If he was a tax purchaser, he had an interest that entitles him to repayment of his moneys from the county under section 57–45–10, NDCC. Under FCB's theory, the sole issue to be resolved by the district court at that time concerned the validity of the tax sale, and if the tax sale was void, Fibelstad's status would have no effect upon the legal conclusions—he would lose regardless of his status. Because FCB's motion for summary judgment, and the district court's judgment, only framed the issue of the validity of the tax sale, FCB contends it did not waive its affirmative factual defense because no facts were presented to or decided by the district court as to Fibelstad's status.

There is little doubt that refund of Fibelstad's tax money necessarily depends upon his status. NDCC § 57–45–12. *See also,* Chapter 57–23, NDCC; *Resolution Trust Corp. v. Dickinson Econo–Storage*, 474 N.W.2d 50 (N.D.1991). Furthermore, FCB alleges that because Fibelstad had not previously raised the issue of a refund of the tax money he paid to Grant County, his status was irrelevant, and there was no need for the district court to rule on his status. Therefore, FCB rationalizes, the proceedings currently before the district court to resolve Fibelstad's status are not barred by issue preclusion or law of the case.

■ Fibelstad's application for a writ of mandamus is a request for this Court to exercise its supervisory jurisdiction. The court's authority to issue a supervisory writ is derived from Article VI, § 2 of the North Dakota Constitution. *City of Fargo v. Dawson*, 466 N.W.2d 584 (N.D.1991); *Odden v. O'Keefe*, 450 N.W.2d 707 (N.D. 1990). The exercise of our supervisory jurisdiction is discretionary, rare and done only to prevent injustices in extraordinary circumstances where no other remedy is

adequate or allowed. *Dawson, supra; Odden, supra; Minot Daily News v. Holum,* 380 N.W.2d 347 (N.D.1986).

FCB and Grant County did not precisely draw our attention, by a motion to dismiss the appeal for lack of an appropriate Rule 54(b) order or other clearly revealing comment, to the fact that despite the issue of the validity of the tax sale proceedings, there could be other factual issues remaining to be tried. Nevertheless, our review of the record and a review of our decision in *Fibelstad* reveal that the previous opinion may have been improvidently issued. Thus we noted, but did not further comment on, Grant County's position that Fibelstad only "indicated that he wanted to pay Tom Asbridge's taxes" and "never indicated he wished or intended to acquire the tax sale certificate[s]." *Fibelstad,* 474 N.W.2d at 57.

In determining whether summary judgment was appropriate, we concluded that "resolution of the factual disputes in this case would not change the result." *Id.* That conclusion was obviously correct insofar as it applied to the validity of the tax sales. It is just as obviously not applicable to Fibelstad's right to a refund as a purchaser at an invalid tax sale as opposed to his status as an agent for Asbridge. We were aware that the trial court had not decided the issue when we observed that "[a]pparently assuming for the purposes of its decision that Fibelstad had in fact purchased the tax sale certificates," *id.,* and that "[f]or purposes of the decision on the Bank's summary judgment motion, the trial court necessarily assumed that Fibelstad purchased the tax sale certificates rather than redeemed on behalf of the Asbridges." *Id.* at 62.

We believed, perhaps naively, that FCB desired to preserve its security interest in the property, and that its argument that the tax sales were invalid and that Fibelstad was a redemptioner were both premised on that desire. We now are told that FCB not only desires to retain its security interest, it desires to do so at less cost to itself by virtue of obtaining the property through its foreclosure proceeding clear of

taxes it contends Fibelstad paid on Asbridge's behalf rather than as a purchaser of tax certificates.

 The parties seem to allege that the appeal may have been proper, absent the manner in which we decided *Fibelstad* and the remand instructions we ordered. They argue that but for the fact that we ordered FCB to deposit all uncollected and past due taxes with the clerk of the Grant County Court in accordance with section 57–45–10, NDCC, the appeal would have been proper and not in need of certification under Rule 54(b), NDRCivP. They imply that by ordering the deposit clearly required by section 57–45–10, NDCC, we ruled on an issue that was not properly before us, thereby transforming an appealable case into one that is non-appealable. Such an argument is not persuasive. The fact may be that we improvidently heard the appeal, but a case is either appealable or non-appealable when it comes to this Court—we do not somehow transform its character and appealability.

 Fibelstad strenuously argues that a writ should be issued to avoid the "injustice" of his having to defend another lawsuit in the district court which would decide his status as a redemptioner or as a tax purchaser. A court cannot generally issue a writ of mandamus in a case where the proper remedy is an appeal merely because the appeal may involve an increase of expenses or an inconvenient delay. *Suburban Sales v. District Court of Ramsey County,* 290 N.W.2d 247 (N.D.1980); *Iley v. Hughes,* 158 Tex. 362, 311 S.W.2d 648 (1958); *Lohr v. Superior Court,* 111 Cal. App.2d 231, 244 P.2d 5 (1952).

In the instance when a trial court orders summary judgment on some issues and certifies the case under Rule 54(b), NDRCivP, we have held that the belief or hope that immediate appellate review might avoid the possibility of two trials, should we ultimately determine the summary judgment was erroneously granted, is not sufficient to warrant the Rule 54(b), NDRCivP, certification. *Peterson v. Zerr,* 443 N.W.2d 293 (N.D.1989) citing *Herzog v. Yuill,* 399 N.W.2d 287 (N.D.1987). *See also, Ceartin*

*v. Ochs,* 479 N.W.2d 863 (N.D.1992) [order granting new trial is not final order for purposes of appeal, nor is it the infrequent harsh case that would justify Rule 54(b), NDRCivP, certification]. The rationale of these decisions is applicable to Fibelstad's "injustice" argument.

The issue of whether Fibelstad was acting as an agent for Asbridge, in which case his payment was only to redeem on Asbridge's behalf, or whether he was a purchaser in his own right, is a factual issue that was clearly raised but not decided below. FCB has the right to raise alternative defenses and its motion for summary judgment as to the issue of the validity of the tax deeds, wherein it assumed for purposes of that defense that Fibelstad was a purchaser, does not foreclose its right to argue in the alternative as to whether or not it must make the deposit required by section 57–45–10, NDCC.

We further recognize that not only did Fibelstad bring the previous appeal while factual issues were pending, he had two subsequent avenues for relief that he did not use. *See Lang v. Glaser,* 359 N.W.2d 884 (N.D.1985). He chose not to appeal the district court's judgment dated November 4, 1991. Nor, if Fibelstad felt that we erred in our prior *Fibelstad* opinion, did he request a petition for review under Rule 40, NDRAppP, in which he could have alleged an error on our part for improvidently hearing the case absent certification under Rule 54(b), NDRCivP.

We reluctantly conclude that we should not exercise our supervisory jurisdiction to restrain the trial court from determining the remaining factual issues. Writ denied.

SANDSTROM, NEUMANN and LEVINE, JJ., concur.

MESCHKE, Justice, concurring.

With considerable hesitation, I concur.

On remand, FCB deposited the amount of all delinquent taxes, including penalty and interest. Thereupon, the trial court entered a judgment for FCB declaring the tax sale and certificates void. Only Fibelstad, claiming as a purchaser, had opposed that judgment. Grant County had not.

The trial court reasoned:

The question of whether Fibelstad was acting as an agent for Asbridge or was himself attempting to purchase the property is important because the answer to that question will determine whether the bank is entitled to the return of the money it has been required to deposit (which it would be if Asbridge had, in fact, previously paid up the back taxes) or whether Fibelstad is entitled to return of the money he deposited if it should be determined that it was his. Also, in the latter case the question of whether he is entitled to interest on that money arises. That question, however, is of concern only to Fibelstad and Grant County, and not the bank, and has no bearing on the deposit.

Fibelstad has argued that the bank can no longer contest whether it is he who made the deposit on his own or whether he was acting as an agent for the landowner, Mr. Asbridge. Initially I was not much impressed with this argument, but upon further reflection I agree that litigants cannot further contest any facts that were declared undisputed and *which were material and necessary* to support the order for summary judgment. The flaw in Fibelstad's argument however, is that a determination whether he was an attempted purchaser, as opposed to an agent, was not necessary to that decision. His status was irrelevant. Although described in that manner, it is not quite correct to say that it is assumed true that he was a purchaser for purposes of making summary judgment. It is more accurate to say his status was irrelevant for purposes of resolving that issue. Now, however, it is relevant for the reasons I mentioned above, and the matter has never been resolved.

Accordingly, the bank is now entitled to summary judgment on the issue that has been litigated, and there is no just reason to delay entry of that judgment. The question of Mr. Fibelstad's status must still be litigated....

In my view, a party who obtains a favorable judgment cannot continue to question a fact assumed for purposes of that summary judgment.

While a party is entitled to plead alternatively, NDRCivP 8(a), it is not entitled to alternative relief by judgments, *see* 25 Am-Jur2d *Election of Remedies* § 19 (1966), unless there is fraud. *Id.* at § 23. Thus, I agree with Chief Justice VandeWalle that FCB had the right to raise alternative defenses. But, I do not concur with his opinion that FCB is not foreclosed from arguing in the alternative whether it had to make the deposit by NDCC 57–45–10.

Unless FCB has plead, and is still asserting, a claim for fraud against Fibelstad, with all the ugly implications that raises, I am unable to see how Fibelstad's status is irrelevant to the favorable judgment entered for FCB. A fact assumed for a summary judgment favorable to a party is material and necessarily decided. I see no reason why, on remand, the statutory direction to repay Fibelstad any monies received by the county should not be carried out. There was no other purpose for the deposit.

Still, I recognize that error is normally corrected by appeal, not by a supervisory writ. And, I suppose it is possible that lurking behind all this legal manipulation may be some kind of fraud, even though not plead as yet. Therefore, I reluctantly concur.